IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KENDALL WILLIAMS,

    Plaintiff,

vs.

UNITED PARCEL SERVICE, INC.,
a foreign corporation

    Defendant.

CASE NO.: 4:19-cv-_____-_____

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

PLAINTIFF, KENDALL WILLIAMS, (hereinafter "WILLIAMS"), by and through the undersigned counsel, files this Verified Complaint and Demand for Jury Trial against Defendant, UNITED PARCEL SERVICE, INC., a foreign corporation (hereinafter "UPS"), and alleges:

### JURISDICTION

1.   WILLIAMS invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 & 1345 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101-103

2.   The venue of this action is properly placed in the United States District Court for the Northern District of Florida, Tallahassee Division, because a substantial part of the events or omissions giving rise to this claim occurred n this district.

3.   At all times relevant, WILLIAMS was an employee of UPS.

## PARTIES

4.  The Plaintiff is KENDALL WILLIAMS, a 43-year old, African-American, male citizen with a physical disability, residing in Leon County, Florida, at 1759 Hillgate Court, Tallahassee, Florida 32308.

5.  The Defendant is UNITED PARCEL SERVICE, INC., a foreign corporation organized in the state of Ohio, existing at its Principal Address of 55 Glenlake Parkway NE Atlanta, GA 30328, and conducting business at 3735 Hartsfield Road, Tallahassee, Florida 32303. UPS was WILLIAMS's employer within the meaning of 42 U.S.C. § 12101.

## PROCEDURAL REMEDIES

6   On January 23, 2019, WILLIAMS filed a Charge of Discrimination against UPS, on the bases of race and disability, with the Florida Commission on Human Relations (FCHR), which was assigned FCHR No.201917851, and which was dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC), and assigned EEOC No. 15D201900341.

7.  On August 23, 2019, the 180th day passed without WILLIAMS receiving a determination from the Florida Commission on Human Relations; therefore it has now been more than 180 days since the filing of his Charge of Discrimination.

8.  All conditions precedent by WILLIAMS have been fulfilled in a timely manner and WILLIAMS is entitled to bring this action as a matter of law.

2

## STATEMENT OF THE CASE

9.      WILLIAMS became by UPS in 1994. In October of 2016, WILLIAM held the role of an on-road supervisor. In that role, his position involved training and supervising a team of UPS employees.

10.     On October 14, 2016, WILLIAMS was invoved in a motorcycle accident which left him with significant injuries and unable to return to work for an extended period of time.

11.     On August 2, 2017, WILLIAMS inquired about a job-related accommodation because of his medical condition.

12.     On August 3, 2017, UPS sent WILLIAMS a letter acknowledging his request.

13.     In October 2017, WILLIAMS met with Human Resources Supervisor Ralph Thompson, and Sharon Klinger, a UPS HR shared Services OCC Health Supervisor.

14.     In November 2017, UPS informed WILLIAMS they could not accommodate him at that time.

15.     In December 2017, WILLIAMS called Jerald Kight, a Florida HR Ops Manager, to discuss jobs WILLIAMS believed he could do.

16.     In February 2018, WILLIAMS learned that a coworker, Andy Welch, a Preload Supervisor working under Glen Neville had been diagnosed with a brain tumor and was unable to perform the duties of his job. Neville, WILLIAMS' former Supervisor, contacted him about his interest in the job. WILLIAMS told Neville he thought he could do the job and was interested in either the Preload Supervisor position or the Dispatch

Supervisor position.   Dispatch Supervisor Chris Gossman had expressed her willingness to move to the On-Road Supervisor job so that WILLIAMS could work either the Dispatch or the Preload Supervisor.

17.    In July 2018, WILLIAMS sent an email to Robert Bailey in Human Resources setting forth the reasons for wanting the job, Welch's old position, to follow up his prior request for a job related accommodation to allow him to return to work. Bailey did not respond.

18.    This was the second time Welch had been diagnosed with a brain tumor. UPS had previously chose to accommodate Welch by moving him from the On-Road Supervisor to a Preload Supervisor.

19.    On August 2, 2018, WILLIAMS went by the local operations center to check in with his Manager Glen Neville and visit with a few coworkers. WILLIAMS spoke to Neville and asked him if he had heard anything about WILLIAMS' returning to work. Neville told WILLIAMS he did not know anything about that

20.    On August 7, 2018, WILLIAMS received a separation letter for failure to return to work effective August 3, 2018. WILLIAMS had not received any communication of any kind from UPS requiring him to return to work by 8-2-2018.

**COUNT I**
**UNLAWFUL DISCRIMINATION BASED ON RACE IN VIOLATION OF 42 U.S.C.**
**§ 2000(e)(2) OF THE CIVIL RIGHTS ACT OF 1964 (HEREINAFTER "TITLE VII")**

21.    WILLIAMS re-alleges and, by reference, incorporates all relevant allegations contained in paragraphs 9 through 20, above, as if fully set forth herein.

4

22. WILLIAMS, as an African-American employee, was entitled to protection under 42 U.S.C. § 2000(e) et seq., of Title VII, and should not have been treated any worse than Caucasian employees, such as Andy Welch and Eddie Bertinelli.

23. WILLIAMS was terminated for even though other individuals such as Andy Welch were accommodated . Instead of accommodating WILLIAMS by placing him in Andy Welch's positon, UPS allowed Eddie Bertinelli, a younger, white male to do th job without the title and then formally replaced him with Bertinelli after WILLIAMS's employment was terminated.

24. The disparate treatment, described herein, was because of WILLIAMS's race. UPS and/or its agents engaged in discriminatory acts with malice or with reckless indifference to WILLIAMS's federally-protected rights. The discriminatory practice of UPS and/or its agents has materially affected the terms and conditions of WILLIAMS's employment.

25. The reasons given by UPS and/or its agents for the decision to terminate WILLIAMS are a pretext for racial discrimination against WILLIAMS.

26. As a direct and proximate result of these violations of his rights, WILLIAMS further alleges that he has suffered and will continue to suffer economic damages and is entitled to compensatory damages including, but not limited to: loss of actual and potential income, emotional distress, mental anguish, mental pain and suffering, loss of the capacity for enjoyment of life, humiliation, loss of dignity, injury to reputation, and loss of savings.

27.     As a result of the discriminatory actions by UPS and/or its agents, WILLIAMS has been forced to hire an attorney to protect his rights and, as such, is entitled to recover attorney fees and costs for bringing this action.

## COUNT II
### UNLAWFUL DISCRIMINATION BECAUSE OF AGE
### IN VIOLATION OF 29 U.S.C. § 621, *et seq.*

28.     The allegations in paragraphs 9 through 20, above, are incorporated by reference, as if set forth fully herein.

29.     The disparate treatment, described herein, was because of WILLIAMS's age, 43-years old. WILLIAMS was subjected to different terms and conditions of employment, and was held to a different standard than comparable employees due to his age. UPS and/or its agents intentionally sought to treat WILLIAMS differently than other, younger employees, such as Eddie Bertinelli.

30.     UPS and/or its agents engaged in discriminatory acts with malice or with reckless indifference to WILLIAMS's federally-protected rights. The discriminatory practice of UPS and/or its agents has affected the terms and conditions of WILLIAMS's employment.

31.     As a direct and proximate result of these violations of his rights, WILLIAMS has suffered emotional distress and mental anguish.

32.     As a result of the discriminatory actions by UPS and/or its agents, WILLIAMS has been forced to hire an attorney to protect his rights and, as such, is entitled to recover attorney fees and costs for bringing this action.

## COUNT III
### UNLAWFUL DISCRIMINATION BECAUSE DISABILITY IN VIOLATION OF 42 U.S.C. § 12101-103 AMERICANS WITH DISABILITIES ACT

33. The allegations in paragraphs 9 through 20, above, are incorporated by reference, as if set forth fully herein.

34. The disparate treatment, described herein, was because of perceived disability. WILLIAMS was subjected to different terms and conditions of employment, and was held to a different standard than other employees due to his perceived disability. UPS and/or its agents intentionally sought to treat WILLIAMS differently than other, non-disabled employees, such as Eddie Bertinelli.

35. UPS and/or its agents engaged in discriminatory acts with malice or with reckless indifference to WILLIAMS' federally-protected rights. The discriminatory practice of UPS and/or its agents has affected the terms and conditions of WILLIAMS' employment.

36. As a direct and proximate result of these violations of his rights, WILLIAMS has suffered emotional distress, mental anguish, aggravation of current medical conditions and economic damages.

37. As a result of the discriminatory actions by UPS and/or its agents, WILLIAMS has been forced to hire an attorney to protect his rights and, as such, is entitled to recover attorney fees and costs for bringing this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF, KENDALL WILLIAMS, respectfully demands judgment against Defendant, UNITED PARCEL SERVICE, INC., and requests that this Honorable Court enter an Order making WILLIAMS whole by awarding him the following relief:

A. Front pay in an amount this Court deems appropriate, or, alternatively, directing UPS to reinstate WILLIAMS to his former position or to another comparable position;

B. Actual damages in an amount to be determined at trial;

C. Compensatory damages in an amount to be determined at the time of trial

D. Punitive damages in an amount to be determined at the time of trial;

E. All attorney fees and costs of this action; and

F. Any other, further relief this Court deems just and equitable.

WILLIAMS respectfully requests a trial by jury.

## VERIFICATION

I affirm under the penalty of perjury that the foregoing document is true and correct to the best of my personal knowledge, information and belief.

*Kendall Williams*
KENDALL WILLIAMS

Respectfully submitted,

*Gary Lee Printy*
GARY LEE PRINTY
FL BAR ID NO. 363014
GARY LEE PRINTY ATTORNEY AT LAW
1804 Miccosukee Commons Drive, Suite 200
Tallahassee, Florida 32308-5471
Telephone: (850) 877-7299
FAX: (850) 877-2211
Email: attygaryprinty@gmail.com

Attorney for Plaintiff,
KENDALL WILLIAMS